FILED
SUPERIOR COURT
OF GUAM

2014 DEC 19 PM 4: 28

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

JOSEPH D. LOPEZ, SR.,

PLAINTIFF,

v.

ADRIAN P. CRUZ, PAUL ROMIAS, AND RLC INTERNATIONAL, LLC,

DEFENDANTS.

ADRIAN P. CRUZ,

COUNTER-CLAIM PLAINTIFF,

v.

JOSEPH D. LOPEZ, SR.,

COUNTER-CLAIM DEFENDANT.

ADRIAN P. CRUZ,

CROSS-CLAIM PLAINTIFF,

v.

PAUL ROMIAS, AND RLC INTERNATIONAL, LLC,

CROSS-CLAIM DEFENDANTS.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV1179-11

DECISION AND ORDER:
DEFENDANT PAUL ROMIAS'S
MOTIONS TO ASSERT
COUNTERCLAIMS AND
FOR SUMMARY JUDGMENT

ORIGINAL

## I. INTRODUCTION

This matter came before the Honorable Maria T. Cenzon for a Motion Hearing on September 19, 2014. Joseph D. Lopez, Sr. ("Plaintiff") was represented by Attorney William M. Fitzgerald and Paul Romias ("Defendant Romias") was represented by Attorney Jon A. Visosky. Adrian P. Cruz ("Defendant Cruz") and RLC International ("Defendant RLC") did not appear. After hearing oral argument on Defendant Romias's Motion to Assert Counterclaims and his Motion for Summary Judgment, the Court **GRANTED the Motion to Assert Counterclaims** from the bench and took the Motion for Summary Judgment under advisement. The Court now issues this Decision and Order **DENYING the Motion for Summary Judgment.**

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in this matter on July 20, 2011 for claims arising from a business venture known as RLC International, LLC and entered into with Paul Romias and Adrian P. Cruz. Plaintiff alleges: Defendants Romias, Cruz, and RLC committed fraud and misrepresentation upon Plaintiff (Count I); breached a "Re-Purchase of Member's Interest Agreement" executed as part of Plaintiff's disassociation from Defendant RLC (Count II); he is entitled to reimbursement from Defendants Cruz and Romias, jointly and severally, for payments he made towards Defendant RLC's loan from Bank of Guam (Count III); Defendants Cruz and Romias are personally liable to Plaintiff for unlawfully conveying assets belonging to RLC (Count IV) and breaching their duties of care (Count V) and loyalty (Count VI).

Until the instant Motions were filed, progress in this matter, aside from a bench trial scheduled for July 16-18, 2014, had been delayed for a number of reasons; including the recusal of four judges of the Superior Court of Guam before reaching the undersigned, the bankruptcy of Defendant Cruz in 2013, and attempts at mediation in 2013.

Defendant Romias then filed the instant Motions to Assert Counterclaims and for Summary Judgment (as two separate documents) on June 2, 2014. Plaintiff filed his Oppositions to the Motions on July 7, 2014 and Defendant Romias filed his Replies on July 14, 2014. The Court heard oral argument on both motions at a Motion Hearing on September 19, 2014 and ruled from the bench on the Motion to Assert Counterclaims. This written Decision and Order now follows to memorialize the Court's grant of the Motion to Assert Counterclaims and adjudicate the Motion for Summary Judgment previously taken under advisement after the Motion Hearing. The Court also issues further orders as part of its Conclusion and Further Orders at Section V *infra* to expedite resolving this matter after the more than three years since the Complaint was filed.

III. LAW AND ANALYSIS: MOTION TO ASSERT COUNTERCLAIMS

    a. DEFENDANT'S COUNTERCLAIMS ARE PERMITTED BY LAW AND THEIR ASSERTION WOULD NOT BE FUTILE.

Plaintiff conceded at oral argument that the proposed counterclaims were not futile due to being brought outside of a shareholder derivative action, and were permitted by the Uniform Limited Liability Company Act ("ULLCA").

The Court concurs that Plaintiff's citation to *Zeller v. Work Wear Corp.*, 450 F.Supp. 891, 896 (S.D.N.Y. 1978) is unpersuasive in light of the adoption of the ULLCA in the Commonwealth of the Northern Mariana Islands on May 28, 2004 through Public Law 14-11. Defendant Romias's proposed counterclaims (*see* Motion to Assert Counterclaims, Exhibit "1" (June 2, 2014)) for breaching the articles of organization and the operating agreement are statutory causes of action codified in Sections 409 and 410 of the ULLCA as breaches of the duties of loyalty and care. The rule established in *Zeller*, requiring such claims be brought within a shareholder derivative action is negated by the ULLCA. Therefore, an amendment to the pleadings to assert these counterclaims can be addressed by the Court and would not be futile.

### b. CONSIDERATION OF THE FIVE *FOMAN* FACTORS DO NOT GIVE THE COURT CAUSE TO DENY THE AMENDMENT.

Although not briefed by the Parties in their moving papers, except indirectly on the argument of futility, any leave to amend the pleadings to assert counterclaims requires the Court consider the five *Foman* factors adopted in *Arashi v. Nakashima*, 2005 Guam 21 ¶ 16 (citing *Foman v. Davis*, 371 US 178, 182 (1962)). Findings of: 1) undue delay, 2) bad faith or dilatory motive by movant, 3) a movant's repeated failure to cure deficiencies by earlier-requested amendments, 4) undue prejudice to the non-moving party, and 5) futility of the amendment would give the Court cause to deny the amendment.

Simply stated, the amendment is not futile as discussed in III.a *supra*. Movant's delay is not undue given this matter's procedural history of unintentional default by

ORIGINAL

Defendant Romias, the disqualification of four earlier-assigned judges in the Superior Court of Guam, the bankruptcy of Defendant Adrian P. Cruz, and the time spent in pursuit of mediation. The Court finds no bad faith, dilatory motive, or undue prejudice reflected in the record or alleged by Plaintiff. Finally, there were no earlier-requested amendment(s) to the pleadings in this matter. Therefore, the Court finds no reason under *Arashi* and *Foman* to deny the Motion to Assert Counterclaims.

## IV. LAW AND ANALYSIS: MOTION FOR SUMMARY JUDGMENT

### a. PLAINTIFF'S CLAIMS AGAINST A FELLOW MEMBER OF THE LIMITED LIABILITY CORPORATION ARE LEGALLY COGNIZABLE.

Counts IV through VI of the Complaint (July 20, 2011) allege the Plaintiff's fellow members in RLC International, LLC unlawfully conveyed assets of the LLC, breached their duty of care, and breached their duty of loyalty. Defendant's Motion for Summary Judgment relies upon provisions of the ULLCA distinguishing the personal liability of a manager or member from the liability of the LLC itself: "[a] member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager." ULLCA Sect. 303(a). This exemption is not blanket immunity for all conduct of a member while ostensibly engaged in the LLC's ordinary course of business: indeed, ULLCA Sect. 409(c) prohibits members from "engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law" and the ULLCA explicitly provides that such behavior may give rise to "an action against a limited liability company <u>or another member</u> for legal or equitable relief." ULLCA Sect. 410(a) (emphasis added).

Possible causes of action and remedies under the ULLCA are "governed by other law" under Sect. 410(b) but are nevertheless explicitly permitted by the ULLCA. Defendant's argument that there is no legal basis for Plaintiff's causes of action in Counts IV to VI is unavailing when Plaintiff pled the Defendants acted "unlawfully" in Count IV and pled in Counts V and VI the Defendants breached their duties of care and loyalty—duties imposed by ULLCA Sect. 409(a) upon all members and owed to the LLC and their fellow members.

### b. Factual Specifics not Included in Plaintiff's Complaint, Standing Alone, Would not Justify Granting Summary Judgment.

Defendant Romias's Motion for Summary Judgment references Plaintiff's Complaint for failing to cite specific facts. He asserts that this lack of specificity meets the movant's burden for summary judgment since he has pointed out the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 US 317, 325 (1986). A citation to the lack of evidence in Defendant's Complaint, as proof of Plaintiff's inability to prevail on the merits and to illustrate the undisputed facts relevant to a summary judgment motion, is improper in this instance. Plaintiff's Complaint was only required to include in each count "a short and plain statement of the claim showing that the pleader is entitled to relief." GRCP 8(a)(2). The Court reviews Plaintiff's Complaint for its legal sufficiency, not its factual comprehensiveness.

The lack of evidence in a complaint cannot be utilized as the evidentiary basis for a summary judgment motion when it is movant's burden to demonstrate that the

*Lopez v. Cruz et al*, CV1179-11
Decision and Order: Motions to Assert Counterclaims and for Summary Judgment
Page 6 of 9

non-moving party would be "<u>unable</u> to produce evidence in support of [the] allegation." *Celotex* at 319 (emphasis added). The withholding of facts in a complaint may be the result of strategic decisions, considerations of conciseness, or the need to engage in discovery. When pleading, a claimant is not required to cite specific and voluminous facts in support of their legal claim; an inability *at the time of pleading* or an unwillingness to include detailed factual statements is not indicative of a claimant's later ability to produce supporting evidence at a trial on the merits. Defendant Romias's characterization of Plaintiff's Complaint as containing "conclusory allegations" is correct when virtually nothing more is required to invoke judicial adjudication; however, these "conclusory allegations" are not properly considered or referenced in a motion for summary judgment when movant must "demonstrate the absence of a genuine issue of material fact. *Celotex* at 323.

### c. The Effect of the Membership Repurchase Agreement upon the Parties is a Disputed Fact Affecting Plaintiff's Claims.

The Parties conceded at oral argument that discovery in this matter was not complete. Minute Sheet, Motion Hearing at 2:42:45 (Sept. 19, 2019). Procedurally, a motion for summary judgment, on the grounds of "absence of evidence" is not ripe when incomplete discovery makes it impossible for Defendant Romias to confidently represent to the Court that no evidence in support of Plaintiff's claims exist. Critically, Defendant's Motion for Summary Judgment and Plaintiff's Complaint reference a "Re-Purchase of Member's Interest Agreement" (*see* Decl. of Joseph D. Lopez, Sr., Exhibit "C" (Sept. 8, 2011)). Both Parties admit the Agreement was validly executed, but

*Lopez v. Cruz et al*, CV1179-11
Decision and Order: Motions to Assert Counterclaims and for Summary Judgment
Page 7 of 9

Defendant submits no proof that a necessary condition precedent before the full agreement became binding ever occurred. *Id.* ¶ 2 ("Sale Conditioned Upon Release of [Joseph D. Lopez, Sr.] from Personal Guaranty."). In fact, Plaintiff states in his Motion for Summary Judgment that RLC Intl. was unable to obtain this required release and was only able to negotiate a reduction of Plaintiff's liability from the full $150,000 to $50,000. Mot. for Summary Judgment at 4 (June 2, 2014)("the Bank of Guam never released Lopez from his guaranty…[but] generously negotiated with Cruz, Lopez, and Romias separately, and arranged with both Lopez and Romias to hold them responsible for only 1/3 share each ($50,000.00 each) of the RLC $150,000.00 debt, instead of holding each liable for the entire $150,000.00.").

Defendant's Motion is factually premised upon the repurchase agreement fully binding the Parties, but Defendant simultaneously represents to the Court that a required condition precedent for binding the Parties to the agreement never occurred. This apparent contradiction is, standing alone, sufficient for the Court to deny Defendant's Motion on Counts I and II of the Complaint—claims which require adjudicating the meaning, validity, scope, and effect of the Repurchase of Member's Interest Agreement.

//

//

//

//

## V. CONCLUSION AND FURTHER ORDERS

For the foregoing reasons, Defendant Romias's **Motion to Assert Counterclaims is GRANTED** and his **Motion for Summary Judgment is DENIED.** In the interest of expediting the progress of this matter, the Court **HEREBY ORDERS** the following:

1. As ordered at Motion Hearing, Plaintiff shall submit proof of the discharge in bankruptcy of his claims against Adrian P. Cruz for the Court's review;

2. Defendant Romias shall file a pleading stating his counterclaims, as permitted by the Court at Motion Hearing and in this Decision and Order by January 5, 2015;

3. Counsels in this matter should expeditiously attempt to confer under GRCP 26(f) and CVR 16.1 and 16.2 of the Local Rules of the Superior Court of Guam and submit an updated proposed scheduling order and discovery plan, for the Court's review and prior to a scheduling conference, by January 20, 2015;

4. The Court has shortened time for these submissions due to the age of this matter and its disposition of the instant Motions.

A Scheduling Conference is scheduled for February 4, 2015 at 3:30 PM.

**SO ORDERED** this 18th day of December, 2014.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of W. Fitzgerald;
J. Vitosky
Date: 12/18/14 Time: 4:30
C.
Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM